IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LARRY JAMES WILLIAMS, JR.,            ) | |
| )                                    | |
| Petitioner,           ) | |
| )                                    | CIVIL ACTION |
| v.                                       ) | |
| )                                    | No. 14-3169-KHV |
| COLONEL SIOBAN J. LEDWITH,  ) | |
| COMMANDANT, UNITED STATES   ) | |
| DISCIPLINARY BARRACKS,          ) | |
| )                                    | |
| Respondent.         ) | |
| )                                    | |

**MEMORANDUM AND ORDER**

This matter is a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241 by a prisoner in military custody. Petitioner commenced this action while incarcerated at the United States Disciplinary Barracks at Fort Leavenworth, Kansas.

For the reasons that follow, the Court finds that the military courts gave full and fair consideration to petitioner's claims alleging ineffective assistance of counsel, an inadequate providence inquiry, and insufficient evidence, and that waiver bars petitioner's claim of newly-discovered evidence.

Procedural And Factual History

Petitioner was convicted before a general court-martial in April of 2012, upon his guilty plea of one specification of rape of a child, two specifications of aggravated sexual contact with a child and one specification of forcible sodomy.

The military judge sentenced him to reduction in rank to Private (E-1), confinement for 20 years, and dishonorable discharge. Pursuant to a pretrial agreement, the convening authority approved eight years of confinement and the remainder of the sentence as adjudged.

Detailed military counsel and retained civilian counsel represented petitioner at the court-martial. During the post-trial period, appointed military appellate counsel represented him.

In May of 2013, appellate counsel assigned no errors and submitted petitioner's case to the Army Court of Criminal Appeals (ACCA) upon its merits. In a brief filed pursuant to United States v. Grostefon, 12 M.J. 431 (C.M.A. 1982),[1] petitioner presented three grounds for relief. These issues were (1) whether defense counsel provided ineffective assistance when he failed to assert claims concerning petitioner's mental health and encouraged him to accept a pretrial agreement; (2) whether the military judge properly conducted the providence inquiry to evaluate petitioner's understanding of the meaning and effect of a guilty plea; and (3) whether petitioner had the mental capacity to confess or whether his confession was coerced by the Criminal Investigative Division (CID).

On January 13, 2014, the ACCA affirmed the petitioner's conviction and sentence, as approved by the convening authority. The court's opinion stated that it had considered "the entire record, including consideration of the issues personally specified by the appellant" (Doc. 18, Attach. 4, p. 000264).

On March 11, 2014, petitioner appealed to the Court of Appeals for the Armed Forces (CAAF). Counsel submitted a petition for grant of review, and petitioner filed a supplement with additional claims for relief pursuant to Grostefon. Petitioner submitted a copy of his CID Evidence Custody Document, without explanation; he also asserted that (1) counsel provided ineffective assistance by withdrawing a motion to suppress his admission to the CID and (2) his ex-wife had the "motive, desire, and intent to rid herself and her children of me before I was even under investigation" (Doc. 18, Attach. 5, at pp. 000266-000267 and Attach. 6 at pp.

---

[1] Under United States v. Grostefon, a servicemember may personally present issues to the courts of military review even where appellate counsel declines to present the claims.

2

000269-000284).

On April 24, 2014, the CAAF denied the petition for grant of review. Petitioner then filed a petition for reconsideration, claiming that new Grostefon materials warranted additional review. He filed three motions to submit additional claims, which asserted as follows: (1) the CID evidence custody document which he originally submitted was in error, and the correct one was available; (2) no disability advocate was provided as required under Social Security disability rights; (3) his grandmother was dying; (4) he provided a list of names as persons who should be held accountable; and (5) the court should examine his ex-wife's untruthfulness.

On June 4, 2014, the CAAF denied the motions and the petition for reconsideration (Doc. 18, Attach. 13 at p. 000314).

Petitioner commenced this action on September 5, 2014. As relief, he seeks a retrial or reversal of the charges, release, a declaration that his Army enlistment is invalid, declaratory judgment, an admission of abuse of discretion by the military judge, an investigation of the CID and damages.

## Standard Of Review

A federal court may grant relief in habeas corpus pursuant to 28 U.S.C. § 2241 where a prisoner demonstrates he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c). The federal courts, however, have only limited authority to review court-martial proceedings. Burns v. Wilson, 346 U.S. 137, 139-42 (1952).

Review of a military prisoner's application for habeas corpus initially is limited to a determination whether the claims received full and fair consideration in the military courts. Lips v. Commandant, United States Disciplinary Barracks, 997 F.2d 808, 811 (10th Cir. 1993). If so, the federal court will not address the merits and should deny the petition. See Roberts v.

Callahan, 321 F.3d 994, 995-96 (10th Cir. 2003)(citing Lips).

In this context, "full and fair" consideration occurs when the parties brief and argue the issue, even if the military court summarily resolves the claim. Id. at 997; Watson v. McCotter, 782 F.2d 143, 145 (10th Cir. 1986). A military court's failure to specifically address a claim, however, does not establish a lack of full and fair consideration. Lips, 997 F.2d at 812 n.2. Rather, where the issue was presented, "the military tribunal has given the claim fair consideration, even though its opinion summarily disposed of the issue with the mere statement that it did not find the issue meritorious or requiring discussion." Id. (citing Watson, 782 F.2d at 145).

Where petitioner failed to present a claim to the military courts, the federal habeas court will consider the claim waived. Watson, 782 F.2d at 145 (refusing to consider claims not presented to military courts).

Petitioner has the burden to show that the military review was "legally inadequate" to resolve the claims. Id. at 144 (quotations omitted).

## Analysis

Petitioner seeks relief from his conviction on three grounds which he presented to the military courts: ineffective assistance of counsel, error in the providence inquiry and insufficiency of the evidence. He also seeks relief on grounds of newly-discovered evidence.

Ineffective Assistance Of Counsel

Petitioner alleges that defense counsel provided constitutionally inadequate assistance. In an affidavit presented in the ACCA, petitioner asserted that counsel failed to provide the military sanity board complete mental health records, failed to argue that his mental disability should have prevented his enlistment and otherwise failed to develop his mental condition as a defense,

failed to interview the minor victim, and pressured him to accept a pretrial agreement. (Doc. 18, Attach. 2, pp. 000193-000197). In a separate affidavit, petitioner also asserted that defense counsel erred in withdrawing the motion to suppress his statement to the CID. (Doc. 18, Attach. 6, p. 000277). Petitioner cited the correct legal standard, Strickland v. Washington, 466 U.S. 668 (1984).

The ACCA entered a memorandum decision stating that it had considered the entire record, including the claims presented by petitioner, and held that the findings of guilty and the sentence approved by the convening authority were correct in law and fact. (Doc. 18, Attach. 6 at p. 000273). The summary resolution of this claim in the military courts is sufficient to establish full and fair consideration.

The Providence Inquiry

Petitioner next alleges the military judge erred in failing to properly conduct the providence inquiry before accepting his plea of guilty. The record shows that petitioner presented this issue to the ACCA in an affidavit submitted pursuant to Grostefon. (Doc. 18, Attach. 2, pp. 000192, 000198-000199). The ACCA's memorandum decision states that it considered the entire record, including the claims submitted by the petitioner. This is sufficient to establish full and fair consideration of the claim.

Sufficiency Of The evidence

Petitioner also challenges the sufficiency of the evidence against him. He presented this claim to the military courts by submitting documents pursuant to Grostefon without supporting argument  (Doc. 18, Attach. 6, pp. 14-18, and Attach. 12, pp. 5-6). The military courts rejected the claim without discussion (Doc. 18, Attachs. 8 and 13). This summary disposition is sufficient to establish full and fair consideration.

5

Newly Discovered Evidence

As new evidence, petitioner alleges that the military judge denied his request to have the victim testify. This claim was not presented to the military courts.

As respondent argues, this claim does not arise from newly-discovered evidence. The agreement that the victim would not testify appears in the offer to plead guilty, (Doc. 18, Attach. 1 at p. 000177), and the military judge reviewed this agreement with petitioner during the providence inquiry (id. at p. 000083). Petitioner's failure to present this claim to the military courts operates as a waiver.

Motions

Four motions are pending before the Court. In these motions, petitioner seeks reconsideration of the order granting respondent's motion for additional time to file a response (Doc. 11), moves for a ruling releasing him from confinement due to health concerns (Doc. 12), moves for an extension of time to file a traverse (Doc. 19) and moves for the transfer of this matter and the appointment of counsel (Doc. 24).

The Court denies the motion for reconsideration and the motion for an extension of time. These motions are moot, as the parties have filed the response and traverse. Petitioner's motion for release from confinement also is denied. Petitioner has access to health care while incarcerated, and his recent transfer to a federal correctional facility in Otisville, New York, resolves his request to be nearer to family members.

Finally, the Court denies petitioner's combined motion for transfer of this matter and the appointment of counsel. Petitioner commenced this action while incarcerated in the District of Kansas, and "[i]t is well established that jurisdiction attaches on the initial filing for habeas corpus relief" and "is not destroyed by a transfer of the petitioner." Santillanes v. U.S. Parole

6

Comm'n, 754 F.2d 887, 888 (10th Cir. 1985).  The Court denies the motion to appoint counsel as moot.

**IT IS THEREFORE ORDERED** that the Second Amended Petition for Habeas Corpus (Doc. 6) is dismissed and all relief is denied.

**IT IS FURTHER ORDERED** that petitioner's Motion for Reconsideration (Doc. 11) is denied.

**IT IS FURTHER ORDERED** that petitioner's Motion for Ruling (Doc. 12) is denied.

**IT IS FURTHER ORDERED** that petitioner's Motion for Extension of Time to File Traverse (Doc. 19) is denied as moot.

**IT IS FURTHER ORDERED** that petitioner's Motion to Change Venue and Motion to Appoint Counsel  (Doc. 24) is denied.

Dated this 29th day of September, 2015 at Kansas City, Kansas.

S/ **Kathryn H. Vratil**
KATHRYN H. VRATIL
United States District Judge